HON. J. G. TALIAFERRO,
HON. R. K. HOWELL,
HON. W. G. WYLY,
HON. P. H. MORGAN. } *Associate Justices.*

---

NOTE.—The following decisions, Nos. 774, 796, 787, 783, 791. 779, 793, 771, 770, 788, 794, 768, 765, 781, 775, 772, 785, 780, 766, 769, 798, 790, 795, delivered in 1872, and belonging to the Twenty-Fourth Annual, are published in this volume at the request of my predecessor, by whom they were not received in time to be published by him.—REPORTER.

---

## No. 774.

### P. J. PAVY & CO. *v.* JUSTE BERTINOT.

Where the defendant objected to the ruling of the court receiving in evidence a note and mortgage, on the ground that they were not stamped at the time of their execution, as required by law, and where it appeared that neither the notary before whom the act of mortgage was passed, nor the parties, had any stamps when the act was passed, and mention of the fact was made in the act, but that one of the plaintiffs went immediately to Opelousas, purchased the necessary stamps from the recorder, who placed them on the act and canceled them in the presence and at the request of the party;

Held—That this was sufficient.

Where at the time a mortgage-bearing note was given, no stamps were affixed to it, but before the note was offered in evidence it had been stamped by the district United States collector of internal revenue, who collected the interest required by law and remitted the penalty, this was all the law required of the parties.

APPEAL from the Eighth Judicial District Court, parish of St. Landry. *Thomas H. Lewis*, Acting J. *Martel & Hudspeth*, for plaintiffs and appellants. *H. L. Garland*, for defendant and appellee.

LUDELING, C. J. The plaintiffs instituted two suits against the

defendant, one on a mortgage note for $4274 86, with eight per cent. interest from maturity, and the other on a balance of account for $898 14, and for a portion of this account they claimed to have a privilege upon certain machinery furnished to the defendant.   The plaintiffs also obtained an injunction to prevent the defendant from wasting, dilapidating or disposing of the mortgaged property, during the pendency of the suit, and to prevent him from using the gin and mill.   They also obtained a writ of sequestration.   The cases were tried together by consent; and there was judgment dissolving the injunction and setting aside the writ of sequestration, with one thousand dollars damages against the plaintiffs, and for the sums claimed by the plaintiffs against the defendant, subject to a credit of three hundred and fifty dollars, and recognizing the mortgage and privilege claimed by the plaintiffs.   From this judgment the plaintiffs have appealed. The defendant has prayed for an amendment of the judgment in his favor, in his answer to the appeal.

The defendant excepted to the ruling of the court receiving the note and mortgage in evidence, on the ground that they were not stamped at the time of their execution, as required by law.   It appears that neither the notary, before whom the act of mortgage was passed, nor the parties had any stamps when the act was passed, and mention of this fact is made in the act, but that one of the plaintiffs went immediately to Opelousas, purchased the necessary stamps from the recorder, who placed them on the act, and canceled them in the presence and at the request of the party.   This we think was sufficient. The note was made on the seventeenth of July, and the mortgage to secure it was passed on the twenty ninth of the same month.   At the time the note was given, no stamps were affixed to it; but before the note was offered in evidence, it had been stamped by S. A. Stockdale, United States collector of internal revenue, first district of Louisiana, who collected the interest required by law, and he remitted the penalty.   This was all the law required of the parties.   See Levy & Schener v. Solomon Loeb, just decided.

On the merits, the only question we deem necessary to notice is in reference to the amount of damages allowed against the plaintiffs for wrongfully suing out the injunction and sequestration.   It appears that the mill and gin were stopped, during two or three days, by these proceedings; and two witnesses testify that the services of an attorney to defend this suit are worth six hundred dollars.   There is no evidence to show the amount of damages done by preventing the defendant from using his mill and gin during two or three days, if any were done him; or to prove the value of the services of an attorney to have the injunction and sequestration set aside—for which alone the plaintiffs can be held responsible.   We think one hundred

and fifty dollars ample to cover all damages occasioned by the improvident suing out of these writs.

It is therefore ordered, that the judgment of the lower court be amended so as to reduce the amount of the judgment in favor of the defendant for damages to one hundred and fifty dollars, to be credited on the judgment in favor of the plaintiffs—and that, as thus amended, the judgment be affirmed, with costs of appeal.